IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL JACKSON, #697169,      ) | |
|     Plaintiff,      ) | |
| vs.      ) | No. 3:21-CV-1468-D-BH |
|           ) | |
| C.T., Deputy Clerk,      ) | |
|     Defendant.      ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

### I. BACKGROUND

Michael Jackson (Plaintiff), an inmate at the Texas Department of Criminal Justice (TDCJ) Allred Unit, sues a Deputy Clerk in the Office of the Clerk for the United States District Court, Dallas Division (Clerk), using the standard form for filing civil rights complaints under 42 U.S.C. § 1983. (doc. 1 at 1, 3.)[2] He contends that Clerk neglected the duties of the job position and recklessly endangered his life by not filing a lawsuit that he had tendered to the Clerk's Office. (*Id.* at 3-4.) He includes a letter from Clerk responding to his correspondence, which advised him that the Clerk's Office was unable to locate any case for him with the information he had provided. (*Id.* at 6.) He seeks monetary damages in the amount of $20,000. (*Id.* at 4.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

Because he is a prisoner, Plaintiff's complaint is subject to preliminary screening under 28

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  *BIVENS*

Plaintiff's claim that Clerk failed to file his lawsuit may liberally be construed as alleging a denial of access to the courts in violation of the First Amendment. Although he filed his lawsuit on the form for civil rights complaints under 42 U.S.C. § 1983, that statute does not apply when only federal action is at issue. *See Williams v. Wood*, 612 F.2d 982, 984 n. 1 (5th Cir. 1980). His claims are fairly interpreted as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) ("Because pro se complaints are liberally construed,

2

the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a pro se plaintiff.") (citation omitted).  In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens*, 403 U.S. 388. *Bivens* mirrors but is not "'the substantial equivalent of 42 U.S.C. § 1983.'" *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (citation omitted).

A.  **Official Capacity**

Plaintiff does not state whether he is suing Clerk in an official or individual capacity.[3]

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's claims against Clerk in an official capacity are therefore essentially claims against Clerk's employer. *See id.; Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at 165). *Bivens* only provides a remedy for victims of constitutional violations by government officers in their individual capacities, however; it does not provide for a cause of action against a federal agency or the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995).  This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's

---

[3] Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities; the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

3

constitutional rights.  *Meyer*, 510 U.S. at 485; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).  Any *Bivens* claims against Clerk in an official capacity should be dismissed for failure to state a claim.

B.     **Individual Capacity**

The United States Supreme Court has reiterated that "*Bivens* was the product of an '*ancien regime*' that freely implied rights of action." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (quoting *Abbasi*, 137 S. Ct. at 1855) (quoting in turn *Alexander v. Sandoval*, 532 U.S. 275, 287 (2001)).  *Bivens* claims are now generally relegated to the only three circumstances in which the Supreme Court allowed a private right of action against federal officers for constitutional violations: "(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980)." *Oliva*, 973 F.3d at 442 (partial internal citations omitted).  To determine whether *Bivens* allows a cause of action, courts must consider: (1) whether a case involves a "new context" that is distinct from these cases, and (2) "whether any 'special factors' preclude extending *Bivens* to this 'new context.'" *Maria S. as Next Friend for E.H.F. v. Garza*, 912 F.3d 778, 784 (5th Cir. 2019) (citation omitted). Virtually anything other than the circumstances presented in *Bivens*, *Davis*, or *Carlson* is a "new context," generally precluding the existence of a *Bivens* remedy.  Oliva, 973 F.3d at 442 (citing *Abbasi*, 137 S.Ct. at 1865).  The Supreme Court has recently emphasized that its "understanding of a 'new context' is broad." *Hernandez v. Mesa*, — U.S.—, 140 S.Ct. 735, 743 (2020). It has also

4

made clear that extending *Bivens* to new contexts is now a "'disfavored' judicial activity." *Abbasi*, 137 S.Ct. at 1857.

### 1. *New Context*

In deciding whether a plaintiff's claim arises in a new context under *Bivens*, the "proper test" is whether the case "is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Id.* at 1859; *see also Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019) ("Courts do not define a *Bivens* cause of action at the level of 'the Fourth Amendment' or even at the level of 'the unreasonable-searches-and-seizures clause.'"). "Indeed, it is not enough even if 'a plaintiff asserts a violation of the same clause of the same amendment *in the same way*.'" *Oliva*, 973 F.3d at 442 (quoting *Cantú*, 933 F.3d at 422) (emphasis in original); *see also Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) ("Canada contends that the Supreme Court recognized a *Bivens* claim for Fifth Amendment Due Process violations in *Davis*, and thus his claims do not present a new Constitutional context. His reliance on *Davis* is misplaced. The Supreme Court has made clear that claims for violations of Fifth Amendment rights can still be brought in a new context. To be sure, '[n]o one thinks *Davis*—which permitted a congressional employee to sue for unlawful termination in violation of the Due Process Clause—means the entirety of the Fifth Amendment's Due Process Clause is fair game in a *Bivens* action.'") (quoting *Cantú*, 933 F.3d at 422) (internal citations omitted). Although it did not "endeavor[] to create an exhaustive list of differences that are meaningful enough to make a given context a new one," the Supreme Court provided some examples that might be instructive:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the

>officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1859-60.

Here, Plaintiff's claim against Clerk under the First Amendment for not filing his lawsuit arises in a new context under *Bivens*. None of the three circumstances in which the Supreme Court has allowed a *Bivens* action involved alleged violations under the First Amendment. The Fifth Circuit, in declining to extend *Bivens* to First Amendment retaliation claims, has underscored "the fact that the Supreme Court has not only never recognized a *Bivens* cause of action under the First Amendment, but also once rejected a First Amendment retaliation *Bivens* claim for federal employees." *Watkins v. Three Admin. Remedy Coordinators of BOP*, 998 F.3d 682, 686 (5th Cir. 2021) (internal citations omitted).

### 2. *Special Factors*

"When a purported *Bivens* claim is asserted in a new context, *Abbasi* requires consideration of whether 'special factors' counsel against inferring such a cause of action in the absence of 'affirmative action by Congress' to create one." *Dudley v. United States*, No. 4:19-cv-317-O, 2020 WL 532338, at *6 (N.D. Tex. Feb. 3, 2020) (quoting *Abbasi,* 137 S. Ct. at 1857). This "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi,* 137 S. Ct. at 1857-58. A *Bivens* remedy should not be inferred if "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Id.* at 1858. "[I]f there is an alternative remedial structure present in a certain case," the existence of that process "alone may limit the power of the

Judiciary to infer a new *Bivens* cause of action." *Id.*

Here, special factors counsel against extending *Bivens* to Plaintiff's claim because Congress has already legislated extensively with respect to prisoners' rights, and "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id.* at 1865. *Abbasi* noted that "[s]ome 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act [(PLRA)], which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. *See* 42 U.S.C. § 1997e. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Id.* That case "makes clear that Congress could have extended the *Carlson* damages remedy to cases involving other types of prisoner mistreatment, but chose not to." *Dudley*, 2020 WL 532338, at *7.

Because Plaintiff's *Bivens* claim involves a new context under *Abbasi*, and special factors exist counseling against the extension of *Bivens* to it, any claims against Clerk in an individual capacity should be dismissed with prejudice.

### 3.     *Immunity*

Even assuming that Plaintiff could state a *Bivens* claim, Clerk is immune from suit. The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act, unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Absolute immunity also extends to others who perform judicial functions in accordance with a court directive, including court clerks. *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001)

(holding that court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion"); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981) (holding that clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction"). This is because "court personnel should not serve as a lightening rod for harassing litigation." *In re Foust*, 310 F.3d 849, 855 (5th Cir.2002). Court clerks have absolute immunity from actions for damages arising for actions they are specifically required to perform by court order or judicial discretion and qualified immunity for routine duties not explicitly commanded by court decree or judicial instruction. *Id.*

Here, Plaintiff's claim against Clerk is based on the performance of functions closely associated with the judicial process, i.e., filing court documents, so Clerk is immune from suit. *See id.; see also Balistreri-Amrhein v. Verrilli*, No. 4:16-CV-0112-ALM-CAN, 2016 WL 11191119, at *8-9 (E.D. Tex. Oct. 7, 2016) (recommending dismissal of claims against federal court staff and clerks for filing motions incorrectly, refusing to file or misplacing documents, charging court costs and filing fees, and failing to provide the plaintiff notice of orders, as barred by absolute immunity) (citing *Clay*, 242 F.3d at 682), *adopted by*, 2017 WL 726919 (Feb. 24, 2017)*; Cardona v. Briones*, No. SA-11-CA-781-OG, 2012 WL 12897203, at *10-11, 14 (W.D. Tex. Mar. 12, 2012) (recommending dismissal of claims against deputy clerk for failing to file or delaying to file and/or destroying documents that the plaintiff submitted for filing based on absolute or qualified immunity) (citing *Clay*, 242 F.3d at 682), *adopted by*, 2012 WL 12898024 (W.D. Tex. Apr. 13, 2012).

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro*

*se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)

Here, an opportunity to amend is not warranted because Plaintiff cannot state a *Bivens* claim against Clerk in either an official or individual capacity, and even if he could state an individual capacity claim, Clerk is immune from suit. Because it appears that he has alleged his best case, no further opportunity to amend his claims is warranted.

## V. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SO RECOMMENDED this 14th day of July, 2022.**

                                                *[signature]*
                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                *[signature]*
                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE