IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL JACKSON #697169,  ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Civil Action No. 3:21-CV-1468-D |
| ) | |
| C.T., Deputy Clerk  ) | |
| Defendant  ) | |

MEMORANDUM OPINION
AND ORDER

I

Plaintiff Michael Jackson ("Jackson"), a *pro se* Texas inmate, filed this civil action against a federal deputy clerk of court seeking monetary damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The United States Magistrate Judge on July 14, 2022 filed findings, conclusions, and a recommendation ("FCR") that Jackson's action be dismissed with prejudice on the ground that his claims for monetary damages were not cognizable under *Bivens* and were barred by absolute judicial immunity. On August 19, 2022 the court adopted the FCR and dismissed Jackson's complaint with prejudice. At the time the court adopted the FCR, it had not received any objections from Jackson. After entering judgment, however, the court did receive objections from Jackson that were filed on August 29, 2022 and that he contends he mailed within 14 days of receipt of the FCR. Jackson then filed a second set of objections on September 23, 2022. To ensure that Jackson's objections are fairly considered, the court will review the FCR *de novo*, on the assumption that the objections were timely filed.

II

Jackson complains that the document he gave the clerk to file was "just a letter" or a "common complaint and also a request for legal assistance as a kidnapped individual," not a lawsuit, as the magistrate judge concluded. But Jackson fails to explain how it would make a difference for purposes of the court's *Bivens* analysis whether his claim was about the clerk's not filing a lawsuit or about the clerk's not filing some other document. The magistrate judge correctly concluded that Jackson's individual-capacity claim against the clerk was not cognizable under *Bivens* because it arises in a new context and special factors exist that counsel against extending *Bivens* to the new context. *See*, *e.g.*, *Hernandez v. Mesa*, 140 S.Ct. 735, 743 (2020) (citations omitted).

Jackson maintains that the magistrate judge incorrectly assumed that his claim was pursuant to *Bivens*. Jackson is incorrect. Because Jackson sued a federal employee for monetary damages based on a purported violation of the Constitution, *Bivens* applies. *See, e.g.*, *Bivens*, 403 U.S. at 388-89.

Jackson also contends that the magistrate judge incorrectly determined that Jackson only sought monetary relief. The court disagrees. Jackson's complaint seeks only monetary damages (and requests a "speedy" trial of his claim for those damages).

\* \* \*

In sum, following *de novo* review of the FCR in light of Jackson's objections filed on August 29, 2022 and September 23, 2022, the court concludes that the July 14, 2022 findings, conclusions, and recommendation of the magistrate judge are correct, and they are adopted as the findings and conclusions of the court. The court's August 19, 2022 judgment dismissing Jackson's complaint

with prejudice stands as entered.

**SO ORDERED**.

October 7, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE